# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1301EM

_____

| | | |
|---|---|---|
| Boaz Rafaeli, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Eastern District |
| David Degonia, Cliff Kierstaed, | * | of Missouri. |
| and the City of Kirkwood, Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 24, 1998

Filed: October 1, 1998

_____

Before RICHARD S. ARNOLD, BEAM, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Boaz Rafaeli brought this action against the City of Kirkwood and two individuals under 42 U.S.C. § 1983. The case arises out of the towing of Mr. Rafaeli's car, which was done in a manner he contends deprived him of his property without due process of law, in violation of the Fourteenth Amendment.

The case was tried to a jury. At the conclusion of plaintiff's evidence, the District Court[1] found that counsel for defendants had used a peremptory challenge against a potential juror on the basis of her gender, in violation of the equal-protection component of the Due Process Clause of the Fifth Amendment. Ordinarily this action would have resulted in the restoration of the case to the Court's docket for a new trial. In the present instance, however, the Court dismissed the case with prejudice, giving the following reason:

> The Court . . . examined the testimony on behalf of the plaintiff and determined that the plaintiff's case should be dismissed because there was not sufficient evidence to support plaintiff's allegation of wrong-doing by the defendants . . ..

Boaz Rafaeli v. David Degonia, No. 4:95CV 1905-SNL, slip op. 2 (E.D. Mo., order entered November 14, 1997).

The plaintiff now appeals. He contends that once a mistrial had been declared on grounds of the unlawful peremptory challenge, any further action by the District Court was a nullity. The trial should be treated as though it had never occurred. We disagree. At the close of plaintiff's case, defendants made a motion under Fed. R. Civ. P. 50(a) for judgment as a matter of law. The District Court entered a handwritten notation to the effect that this motion was being denied as moot, the Court already having dismissed the case summarily on its own motion. In substance, however, what the Court did was to grant the defendants' motion for directed verdict (as we used to call it). Whether the form of words used in dismissing the case on the ground of insufficiency of the evidence referred to the Rule 50(a) motion or not is immaterial: the result is the same. The District Court has held that the evidence was not sufficient to

---

[1]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

go to the jury.  If the Court did not dot all of the "i's" in reaching this conclusion, and we are not saying that it didn't, the substance of the matter remains unchanged.

On appeal, plaintiff does not claim that there was error in any substantive sense. He does not argue that he in fact did present sufficient evidence to make out a jury question.  His only argument is that once the Court had found that a new trial should be granted because of the illegal peremptory challenge, it lost all power to assess the sufficiency of plaintiff's evidence.  Under this view, plaintiff would be entitled to a new trial even if the evidence presented at the first trial was wholly insufficient as a matter of law.  This is a conclusion we cannot accept.

There was another defendant in the case originally, Southside Towing Co.  This defendant had defaulted, and the Court had entered a default judgment against it before the trial started.  A finding as to the amount of damages was reserved until testimony could be adduced concerning damages in the plaintiff's case in chief.  At the same time that it entered its order dismissing the case against the City of Kirkwood defendants, the District Court also entered judgment against Southside for $1.00 in nominal damages.  On appeal, plaintiff does not contend that the evidence entitled him to a greater award.  He argues only that the District Court had lost all power to enter any judgment after making its finding with respect to the peremptory challenge.  We have already explained why we do not agree with this argument.

This appeal is all about form, and inconsequential form at that.  It has no substance.  The judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.